MAASSEN, Justice,
with whom STOWERS, Chief Justice, joins, dissenting in part.
I disagree with one aspect of the court’s decision today: that it was error for the superior court to include City and Borough of Juneau sales tax in Robert Arnold’s attorney’s fees when calculating his fee award under Alaska Civil Rule 82(b)(2).[1] The superior court correctly observed that the sales tax “is an inseparable part of the attorney fees cost to the client,” and Rule 82, as reasonably interpreted, does not preclude it from consideration when the court makes a fee award.
In my view, the “reasonable actual attorney’s fees” that Arnold “necessarily incurred” for purposes of Rule 82 included the sales tax; the attorneys were required by law to include it in them charges to the client, and the client became responsible for that incremental cost just as he did every other bit of overhead that added dollars to the attorneys’ fees. Rule 82 awai'ds are intended to be compensatory (albeit only partially in the usual case).[2] A compensatory award should recognize the true cost of the legal services to the client.
I acknowledge the contrast with Alaska Civil Rule 79(f)(16), which, as the court notes,[3] specifically allows “sales or other taxes necessarily incurred by the party in connection with a cost allowed in this subsection.” It is true that Rule 82 has no parallel provision. But I cannot attribute the difference to a conscious choice by this court, when it approved the rule, to preclude the superior court’s consideration of the full amount of the attorney’s fees that clients actually incur when the court is calculating a fee that will truly be compensatory.
I would hold that the superior court did not abuse its discretion when it calculated the Rule 82 award on the basis of Arnold’s attorney’s fees without first carving off the sales tax. On only that issue, I dissent from today’s opinion.

. See Op. at 1223-24.

. Foster v. Prof'l Guardian Servs. Corp., 258 P.3d 102, 111 (Alaska 2011) ("Rule 82’s primary purpose is to partially compensate a prevailing party for attorney’s fees incurred in enforcing or defending the party’s rights.... Without the rule, the rights of the prevailing party would be less completely vindicated because of the uncompensated expense of litigation.” (quoting State v. Native Vill. of Nunapitchuk, 156 P.3d 389, 398 (Alaska 2007))).

.Op. at 1224.